UNITED STATES COURT OF APPEALS

**Filed 6/18/96**

FOR THE TENTH CIRCUIT

C & D DRILLING COMPANY, INC.,

    Plaintiff-Appellee,

v.

DEVO GENERAL PARTNERSHIP,

    Defendant-Appellant.

No. 95-1228
(D.C. No. 94-B-178)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before PORFILIO, JONES,[**] and TACHA, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant-appellant Devo General Partnership (Devo) appeals from the district court's decision denying Devo's motion for summary judgment and, instead, granting plaintiff C & D Drilling Company, Inc. summary judgment against Devo on the fraudulent transfer claim plaintiff, as a creditor of Devo's predecessor, Moya Overview, Inc., asserted against Devo. We have jurisdiction to consider this appeal under 28 U.S.C. § 1291. This court reviews a summary judgment decision de novo, viewing the record in the light most favorable to the nonmoving party. Carl v. City of Overland Park, 65 F.3d 866, 868 (10th Cir. 1995). Summary judgment is appropriate only if there are no genuinely disputed material issues of fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Plaintiff's claims against Moya arose from a 1987 agreement. In this action, plaintiff asserted claims against Moya for the rescission of the 1987 agreement or, alternatively, for damages as a result of a breach of that agreement. When Moya failed to file a response, the district court entered a default judgment against that entity on the contract claims.

Also in this action, plaintiff asserted a fraudulent transfer claim against Devo. In October 1991, Moya had transferred all of its assets to Devo. Devo does not dispute the district court's determination that this transfer was fraudulent. See Colo. Rev. Stat. § 38-8-105(a) and (b). Rather, Devo asserts that it cannot be liable to plaintiff on the

2

fraudulent transfer claim because the basis of that claim, plaintiff's underlying contract claims against Moya, are barred by the applicable statute of limitations, notwithstanding the default judgment entered against Moya on those contract claims. The district court rejected this argument. Upon review of the record and the parties' appellate arguments, we find no reversible error. We, therefore, AFFIRM the decision of the United States District Court for the District of Colorado.

Entered for the Court

Nathaniel R. Jones
Senior Circuit Judge

3